Argued and submitted May 14, reversed and remanded September 26, 1984

SHUEY,
*Appellant,*

*v.*

MOULE et al,
*Respondents.*

(16-82-04952; CA A29927)

688 P2d 134

H. Thomas Evans, Eugene, argued the cause and filed the brief for appellant.

Leslie M. Swanson, Jr., Eugene, argued the cause for respondents. With him on the brief was Harrang, Swanson, Long & Watkinson, P.C., Eugene.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a legal malpractice case. Plaintiff appeals from a summary judgment in favor of defendants. Viewing the record in the light most favorable to plaintiff, *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980), we conclude that there was a genuine issue of material fact raised by the record on summary judgment. We reverse and remand.

In late 1980, plaintiff sought defendant Moule's legal advice concerning the investment of approximately $100,000. Moule had another client, Balkema, who wanted to borrow $50,100. Moule brought plaintiff and Balkema together; he suggested that Balkema borrow the money from plaintiff and that he would act as broker on the loan.[1] The terms of the agreement were that plaintiff would lend Balkema the money and Balkema would sign a two year promissory note with a 16.5 percent interest rate with interest-only payments for two years. The note was secured by a second trust deed on improved real property in Eugene owned by Balkema. As additional security, Balkema's son, Knutson, executed a guarantee and pledged an unimproved lot adjacent to the secured property as security. Moule prepared all the documents and was trustee under the second trust deed. Balkema defaulted after a few monthly payments. Moule, as trustee, commenced a nonjudicial foreclosure, and on January 8, 1982, plaintiff acquired Balkema's interest in the property subject to a first trust deed that was held by Pacific First Federal (Pacific). After unsuccessful negotiations between Pacific and plaintiff, Pacific foreclosed plaintiff's interest in the property. As a result, plaintiff lost most of her $50,100 investment.[2]

In her complaint plaintiff alleged that the secured property did not have sufficient value to pay her in the event that Balkema defaulted. Plaintiff submitted an affidavit in opposition to summary judgment in which she states that the property "was not sufficient security for my loan." Defendant submitted an affidavit from Pacific's real estate loan manager

---

[1] Recognizing the conflict of interest, Moule had plaintiff and Balkema sign a document requesting that defendants represent both parties.

[2] Plaintiff also sought to enforce the security interest on Knutson's unimproved lot. The trial court, relying on ORS 86.770(2), held that no separate action against the guarantor was allowable, because the guarantee was signed before the effective date of ORS 86.770(3). We agreed. *Shuey v. Knutson,* 62 Or App 663, 662 P2d 813 (1983).

which stated that the value of the secured property at the time of the foreclosure was at least $150,000 and the amount due on Pacific's trust deed was approximately $77,000 at the time of default. Thus, defendants argue, there was sufficient value in the secured property to pay obligations to Pacific and to plaintiff. We conclude that there is a genuine issue of material fact regarding the value of the secured property.[3]

Reversed and remanded.

---

[3] Because we find one specific genuine issue of material fact, we find it unnecessary to express any opinion on whether there are other genuine issues of material fact. *See McKee v. Gilbert,* 62 Or App 310, 322, 661 P2d 97 (1983).